**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001479
09-FEB-2015
07:58 AM**

NO. CAAP-13-0001479

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LIONEL LETOTO, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PRISONER PROCEEDING NO. 12-1-0051)
(FAMILY COURT CRIMINAL NO. 06-1-0017)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Petitioner-Appellant pro se Lionel Letoto (**Letoto**) appeals from the "Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner From Custody," filed May 21, 2013 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Letoto contends that he did not enter into his plea agreement with Respondent-Appellee State of Hawai'i (**State**) knowingly and voluntarily and that his counsel at the plea proceeding was ineffective for "fail[ing] to present a clear and understandable complete profile of the plea and its possible outcome" and failing to "present any defense strategies, including non-intended injury by appellant[.]"

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that

---

[1] The Honorable Randal K.O. Lee presided.

Letoto's appeal is without merit. In light of the record of the trial court proceeding, it is clear Letoto presented no colorable claim in his Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition (**Rule 40 Petition**). See Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

Pursuant to a plea agreement with the State, Letoto pled guilty to an amended charge of reckless manslaughter,[2] in lieu of his original charge of murder in the second degree. The crux of Letoto's Rule 40 Petition hinged on his belief that he did not enter into his plea agreement voluntarily and knowingly.

> In a petition seeking relief under [HRPP] Rule 40 on [the] ground that the guilty plea was entered into involuntarily, the court is required to look at the entire record in order to determine whether the petitioner's claims or recantation are credible and worthy of belief. The record is vital to the ultimate determination of whether the plea was made voluntarily[.]

Eli v. State, 63 Haw. 474, 477, 630 P.2d 113, 116 (1981).

Letoto contends that "the court itself failed to obtain any near clear understanding by the defendant/appellant who declared he did not understand the deal or its possible alternatives." Letoto also contends that "neither [his counsel] nor the court ever gave the [him] a detailed explanation of the term 'recklessly' and the [he] discovered the term by his own research[.]" However, during the plea proceeding, the circuit court "double cover[ed] some of [the] items to make sure" that Letoto understood the nature of the plea agreement and engaged in a colloquy of numerous questions. Letoto characterizes the circuit court's questioning as "senseless." However, the circuit court's questioning was the type of inquiry required under HRPP Rule 11. See State v. Solomon, 107 Hawai'i 117, 126, 111 P.3d 12, 21 (2005). "Although no specific dialogue is required, the court should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences." Id. (citation and

---

[2] Hawaii Revised Statutes (**HRS**) § 707-702(1)(a) (1993) "Manslaughter" provides that "A person commits the offense of manslaughter if . . . [h]e recklessly causes the death of another person[.]"

2

internal quotation marks omitted). The circuit court engaged in such a colloquy.

After the circuit court questioned Letoto as to whether he understood the charge of reckless manslaughter, the circuit court asked Letoto whether his attorney explained the elements of reckless manslaughter, "the things that the State would have to prove in order for you [Letoto] to be found guilty of this amended charge." Letoto stated "Yes, he explained them." The circuit court then asked whether Letoto understood what the State would have to prove under the charge of reckless manslaughter to which Letoto responded that the elements of reckless manslaughter were "[n]ot in [his] head at this moment." Letoto's counsel, William Bento (**Bento**), asked the circuit court for "one moment . . . [to] go over it with Mr. Letoto again." After Bento and Letoto conferred about the elements of the charge, the circuit court asked Letoto, "So you understand what the elements are?" Letoto answered affirmatively, "Yes, Your Honor."

Letoto responded affirmatively that he was aware of the maximum penalty of his plea and still wished to plead guilty; understood the possible immigration penalties; understood his right to plead not guilty; understood the right that he would be giving up by entering a guilty plea; understood that there would be no trial and that he would be found guilty; was not being threatened, forced, or pressured into pleading guilty and that he was pleading guilty of his own free will; and did not make any promises in exchange for his guilty plea other than the plea agreement. The circuit court complied with the requirements of HRPP Rule 11 and the record indicates that Letoto entered into the plea agreement voluntarily and knowingly.

Letoto also contends that Bento provided ineffective assistance of counsel by "fail[ing] to present a clear and understandable complete profile of the plea and its possible outcome" and failing to "present any defense strategies, including non-intended injury by appellant[.]

"In any claim of ineffective assistance of trial counsel, the burden is upon the defendant to demonstrate that, in light of all the circumstances, counsel's performance was not

3

objectively reasonable - i.e., within the range of competence demanded of attorneys in criminal cases." Briones v. State, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993) (citations and internal quotation marks omitted). The defendant must establish

> 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. State v. Aplaca, 74 Haw. 54, 66-67, 837 P.2d 1298, 1305 (1992). To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. State v. Christian, 88 Hawai'i 407, 419, 967 P.2d 239, 251 (1998) A defendant need not prove actual prejudice. [Id.]

State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (footnote omitted).

As noted, Letoto's contention that Bento failed to explain the nature of the plea or the elements charged against him is without merit. The record indicates that Bento conferred with Letoto to ensure that Letoto understood the elements of reckless manslaughter and Letoto indicated to the circuit court that he understood the elements of the charge. The record also indicates that Letoto responded affirmatively when the circuit court asked him whether he had discussed his plea fully with his attorney, Bento, and whether he was satisfied with his attorney's advice. The record does not support Letoto's contentions that he did not understand the nature of the charges against him or that he was dissatisfied with Bento's representation.

Letoto contends that Bento's assistance was ineffective because Bento told him, "You could get life," when discussing the proposed plea agreement. That statement was a correct statement of the law. Letoto originally faced a charge of murder in the second degree, which carries a sentence of life imprisonment with possibility of parole.[3]

Letoto also contends that Bento's assistance was ineffective because Letoto failed to discuss possible defenses with him. This contention is also unsupported by the record.

---

[3] HRS § 706-656(2) (1993) "Terms of imprisonment for first and second degree murder and attempted first and second degree murder" provides that "Persons convicted of second degree murder . . . shall be sentenced to life imprisonment with possibility of parole."

4

The record indicates Letoto affirmed that "Bento had 'explained any defenses that might be applicable in [his] case.'" During the plea proceeding, Letoto also gave an affirmative response when asked if he was aware of the rights that he was waiving by pleading guilty. Letoto has failed to establish any specific errors or omissions reflecting Bento's lack of skill, judgment, or diligence so to support his claim for ineffective assistance of counsel.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner From Custody," filed May 21, 2013 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 9, 2015.

On the briefs:

Lionel Letoto
Petitioner-Appellant pro se.

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5